[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' PETITION FOR TERMINATION OF PARENTAL RIGHTS
In this court the Commissioner of the Department of Children and Families (hereafter Commissioner or DCF) has filed a Petition for Termination of Parental Rights in which she seeks to terminate the rights which the parents of minor Daevalle B., born on October 23, 2000 have in her custody and guardianship. It should be noted that Cheryl L., the mother of Daevalle B., has a long history of involvement with DCF related to her inability to parent other children which she had. Cheryl L.'s parenting deficits coincided with her substantial history of using illegal drugs, as well as a failed history of drug treatment. This petition for termination also grows out of Cheryl L.'s inability to conform her behavior to that of a non-substance — abusing and responsible parent.
The court shall now review certain background facts which resulted in the filing of the termination petition. In this regard, the court notes that prior to filing the termination petition, the Commissioner filed an "Uncared For" petition for minor Daevalle B.
 I. The Uncared For Petition as to Daevalle B.
In the "Uncared For" petition, filed on October 25, 2000, the Commissioner alleged that minor Daevalle B. was uncared for by her parents, Cheryl L. and Daville B.[1] in that the child's home ". . . can not provide the specialized care which [her] physical, emotional or mental condition . . ." requires. The supporting allegations state that
 1) the mother and child tested positive for marijuana and cocaine at the child's birth; 2) the parental rights in regards to mother's three other children were terminated on October 27, 1997; 3) mother has an extensive history of substance use and has failed to rehabilitate; [and] 4) father is not a resource.
On June 7, 2001 the court entered an adjudication that minor Daevalle B. was uncared for due to specialized needs. On that day the court committed Daevalle B. to the legal and physical custody of the Commissioner for her safekeeping, and approved specific steps which Cheryl L. would undertake preparatory to her seeking to have Daevalle B returned to her. CT Page 3525
The specific steps approved by the court included 1) engaging in counseling to improve her parenting skills; 2) supervised visitation with Daevalle as often as DCF suggests; 3) maintaining adequate housing and income; and 4) entering and completing drug treatment. Cheryl L' has a history of abusing illegal drug substances dating to 1991. Although Cheryl L. has entered several drug treatment programs, she has refused to provide evidence that she has been successful in drug treatment.
After reviewing and concluding that Cheryl L's compliance with the specific steps was substantially below par, the Commissioner filed the second petition, to wit: to terminate parental rights.
 II. The Petition to Terminate Parental Rights
In the termination petition filed in this court on March 27, 2001, the Commissioner asserts the interest of the state in terminating the parental rights which Cheryl L. has in minor Daevalle B., and to terminate the parental rights which John O., as the putative father has in this child. The Commissioner cites subpart E of Conn. Gen. Stat. § 17a-112j (3) as the basis for termination of Cheryl L's parental right. That part of the statute states that the court may terminate a parent's parental rights when that person's child is under the age of seven years, is neglected or uncared for and the parent is either unwilling or unable to ". . . achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, given the age and needs of the child .. [that that parent] could assume a responsible position in the life of the child and such parent's parental rights of another child were previously terminated pursuant to a petition filed by the Commissioner of Children and Families."
The Commissioner cites subpart A and D of Conn. Gen. Stat. Sec. 17a-112j (3) as the basis for terminating the parental rights of Beverly D's father. Subpart A of the statute states that abandonment by a parent is a ground for termination of that parent's parental rights. Subpart D states that the absence of an on-going parent-child relationship is another ground for termination of parental rights.
 III. Trial on the Petition to Terminate Parental Rights
At the trial the court entered a default against Cheryl L. for her non-appearance. Furthermore, the court noted that a default had been entered earlier as to the father John O. for his non-appearance in the proceedings. The Commissioner introduced two documents in evidence, to wit: the Social Study for Termination of Parental Rights for Coterminous Petition (Exhibit A), and the Report of Psychological Examination CT Page 3526 (Exhibit B). In addition, the Commissioner provided testimony through her social worker.
From the evidence presented the court enters the findings set out in the text below. These findings are made upon clear and convincing evidence.
 A. Adjudicatory Findings
The court finds that at the birth of Daevalle B. on October 2000, she and her mother, Cheryl L., tested positive for cocaine and marijuana. The court further finds that Cheryl L. was not in treatment at that time to address her substance abuse, although she has an extensive history of substance abuse. The court further finds that although Cheryl L. entered a drug treatment program after the Commissioner obtained a court order for Daevalle B.'s custody, her risk for relapse is high, and that she has refused to provide evidence of her compliance with drug treatment, including relapse prevention.
The court finds that Cheryl L.'s struggle with the issue of substance abuse was one of the factors motivating the court on October 27, 1997, to enter adjudications of termination of parental rights as to her other children: namely, Roger S, Shaunise L. and Johnisia O.
The court further finds that Cheryl L. does not have adequate housing for Daevalle B.
The court thus finds that Daevalle B. is a child under the age of seven who is neglected and uncared for and that her mother, Cheryl L. is either unwilling or unable to ". . . achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child . . . [she] could assume a responsible position in the life of the child and [that her] parental rights of another child were previously terminated pursuant to a petition filed by the Commissioner of Children and Families." Conn. Gen. Stat. Sec. 17a-112j (3)(E).
The court also finds that the father of Daevalle B. is not a resource for her, for the reasons that he has abandoned her in the sense that he has had no contact with and has shown no interest in her, and that he has not established an on-going parent-child relationship with her. Conn. Gen. Stat. Secs. 17a-112j (3)(A) and (D).
 B. Dispositional Findings
The court shall now turn its attention to deciding whether termination CT Page 3527 of parental rights is in the best interest of minor Daevalle B. See In re Romance M., 229 Conn. 345, 356-57 (1994). In making this decision is court must consider the factors enumerated in the text that follows.
 1. Timeliness, Nature and Extent of Services offered by DCF for Reunification of Family
DCF provided timely services to Cheryl L. which began well prior to the birth of Daevalle B. These services included substance abuse evaluations and treatment, individual counseling, case management and assistance with housing. In addition, DCF provided visitation services after Daevalle B's birth.
 2. Whether DCF made reasonable Efforts to reunite the Family
By providing the aforesaid services to Cheryl L. prior to the birth of Daevalle B. and by providing drug evaluation and treatment services to her after Daevalle B's birth DCF certainly endeavored to keep this family together. Nevertheless, the court notes that such efforts were not required by Title 42 U.S.C. § 671 (D) (iv) (iii), inasmuch as the court involuntarily had terminated Cheryl L's parental rights to Daevalle B.'s siblings.
 3. The terms of any applicable Court Order agreed upon by the Agency and Parent, and the extent to which there has been Compliance with the Order
As noted earlier, Cheryl L. agreed to undertake the following steps 1) engaging in counseling to improve her parenting skills; 2) supervised visitation with Daevalle as often as DCF suggests; 3) maintaining adequate housing and income; and 4) entering and completing drug treatment. These steps were approved as an order of the court. The court finds that Cheryl L. did participate in a level of supervised visitation. However, she did not obtain adequate housing, and she did not complete substance abuse treatment.
 4. The Feelings and Emotional Ties of Daevalle B. to her Parents
An interactional psychological examination of the mother and child was not done. The court finds that bi-weekly supervised visitation was arranged for Cheryl L, and that she has been inconsistent with attending the visits. However, Daevalle B.'s current foster home placement has provided a stable home environment, consistency and affection. Thus, the CT Page 3528 court finds that the feelings and emotional ties of Daevalle B. to Cheryl L. are not such that a termination of parental rights would not be in Daevalle B's best interest.
 5. The Age of the Child Daevalle B. is one-year and 5 months of age. 6. The Efforts made by the Parents to adjust their Circumstances, Conduct or Conditions so as to promote Reunification
Cheryl L. has entered and left several drug treatment programs. No information is available
for John O.
 7. The Extent to which the Parents have been prevented from having a meaningful Relationship with their Child
The Commissioner has not prevented the parents from having a meaningful relationship with their Daevalle B.
 IV. Order Terminating Parental Rights
For the foregoing reasons, the court finds by clear and convincing evidence that termination of the parental rights of respondents Cheryl L. and of John O. in Daevalle B. is in the best interest of this child. Accordingly, the court hereby terminates said parental rights.
 V. Order appointing DCF Statutory Parent
The court hereby appoints the Commissioner of the Connecticut Department of Children and Families as the statutory parent of minor Daevalle B., and orders the Commissioner to file the appropriate reports, required by law, which show her efforts to effect permanent placement.
Clarance J. Jones,